# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| DEBRA MIN,<br>　　　　　　Appellant,<br><br>　　　v.<br><br>SOCIAL SECURITY<br>　ADMINISTRATION,<br>　　　　　　Agency. | DOCKET NUMBER<br>SF-1221-17-0119-W-1<br><br><br>DATE: July 6, 2023 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Debra Min, Vancouver, Washington, pro se.

Gerald J. Hill, Esquire, and Jeffrey R. McClain, Esquire, Seattle,
　　Washington, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

¶1　　　　The appellant has filed a petition for review of the initial decision, which denied her request for corrective action in her individual right of action (IRA) appeal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to clarify that, to establish that she made a protected disclosure, the appellant need not prove that the matter disclosed actually established one of the types of wrongdoing set forth in 5 U.S.C. § 2302(b)(8)(A), we AFFIRM the initial decision.

## BACKGROUND

¶2	The appellant serves as a Claims Representative in the agency's Longview, Washington, field office. Initial Appeal File (IAF), Tab 5 at 84, Tab 55 at 4. On October 30, 2015, she filed a complaint with the Office of Special Counsel (OSC) alleging that, in retaliation for disclosing to her supervisors, the agency's Office of Inspector General (OIG), and two members of Congress that her supervisor authorized the issuance of a child's Social Security card without sufficient documentation, agency officials took actions against her that, among other things, affected her performance evaluations and job duties and created a hostile work environment. IAF, Tab 16 at 4-25. She also supplemented her OSC complaint with additional claims of retaliatory personnel actions regarding, among other things, her performance evaluations and changes in job duties on January 19,

2016, May 19, 2016, and August 29, 2016.[2] *Id.* at 165-83, 327-31, 516, 529-36. By letter dated October 31, 2016, OSC informed the appellant that it was closing its file regarding her complaint. IAF, Tab 1 at 26-27.

¶3    On November 24, 2016, the appellant filed an IRA appeal with the Board and requested a hearing. IAF, Tab 1. In prehearing orders issued on December 20, 2016, and February 21, 2017, the administrative judge found that the appellant had shown that she had exhausted her administrative remedies before OSC and that she made nonfrivolous allegations that she engaged in protected activity under 5 U.S.C. § 2302(b)(9)(C) by disclosing information to the agency's OIG and that the alleged protected activity was a contributing factor in her 2015 performance rating and changes in her job duties and responsibilities. IAF, Tab 7 at 2-3, Tab 65 at 2. The administrative judge also found that the appellant had not shown that she exhausted her administrative remedies concerning her claim that her statements to the OIG were a contributing factor in her 2016 performance rating. IAF, Tab 65 at 2.

¶4    Following a hearing, the administrative judge issued an initial decision denying the appellant's request for corrective action. IAF, Tab 76, Initial Decision (ID). In denying the request, the administrative judge first found that the appellant asserted during the proceedings that the agency had purged her informal personnel file in violation of the collective bargaining agreement (CBA) covering the appellant, but she did not raise this allegation before OSC, and thus she had not exhausted administrative remedies regarding this claim. ID at 2 n.2. The administrative judge then found that the appellant had filed a grievance regarding her 2015 performance rating prior to raising with OSC that her alleged disclosures and activity were a contributing factor in the rating, and had made a valid election to pursue her disagreement regarding her 2015 rating through the

---

[2] On November 23, 2015, the appellant made a disclosure of information to OSC's disclosure unit, again setting forth her claim of an improperly issued Social Security card. IAF, Tab 16 at 27-60.

negotiated grievance procedure; thus, the Board lacked jurisdiction over the claim. ID at 5-7. Next, although the administrative judge found that the appellant had exhausted administrative remedies regarding her 2015 and 2016 mid-year performance reviews, she concluded that the appellant did not make nonfrivolous allegations that the reviews were covered personnel actions because they did not contain ratings or any threat to lower the appellant's rating, and she reiterated her finding that the appellant failed to exhaust administrative remedies regarding her 2016 performance rating. ID at 7 n.6, 10. She found that the appellant showed that she exhausted administrative remedies before OSC as to the remaining alleged personnel actions: a requirement that she vet monthly meeting topics, the temporary reassignment of her workload in iAppeal, a 1-hour reduction in weekly adjudication duties, a meeting with her second-level supervisor regarding her equal employment opportunity complaint, and an instruction to report to duty 30 minutes later than her previous report time. ID at 10.

¶5 The administrative judge further determined that the appellant did not show by preponderant evidence that she had a reasonable belief that her supervisor's authorization of the issuance of a child's Social Security card was a violation of a law, rule, or regulation, gross mismanagement, or an abuse of authority; thus, none of her disclosures were protected under 5 U.S.C. § 2302(b)(8). ID at 10-15. However, she found that the appellant engaged in activity protected under 5 U.S.C. § 2302(b)(9)(C) when she disclosed this information to the agency's OIG. ID at 15. According to the administrative judge, all but one supervisor implicated in the appellant's allegations had knowledge of her statements to the OIG within close proximity to the alleged personnel actions; thus, the appellant established that her protected activity was a contributing factor in the alleged

personnel actions.[3] ID at 16-18. Finally, the administrative judge considered all of the alleged personnel actions for which the appellant had exhausted her administrative remedies, including her 2015 and 2016 mid-year performance reviews and her encounter with her former first-level supervisor regarding the OIG complaint. The administrative judge concluded, however, that the appellant had not proven that any of these actions, alone or collectively, constituted a significant change in duties, responsibilities, or working conditions or a hostile work environment that could be considered a significant change in working conditions. ID at 18-30. Thus, she found that the appellant did not show that she was subjected to a personnel action and was not entitled to corrective action. ID at 30.

¶6      The appellant has timely filed a petition for review, to which the agency has filed an opposition. Petition for Review (PFR) File, Tabs 1, 3. The appellant has filed a reply to the agency's opposition. PFR File, Tab 4. On review, the appellant argues that her appeal should be remanded to OSC, the administrative judge applied an incorrect standard in finding that she did not show that she was subjected to a significant change in working conditions, the agency did not show by clear and convincing evidence that it would have taken a personnel action in the absence of whistleblowing, and the administrative judge did not consider all

---

[3] The administrative judge did not explicitly find that the alleged personnel actions took place within a period of time such that a reasonable person could conclude that the protected activity was a contributing factor in the actions. *See* 5 U.S.C. § 1221(e)(1)(B). However, the administrative judge found that all but one of the appellant's supervisors were aware of the appellant's OIG complaint at the time of their involvement in the alleged personnel actions, and each of the actions complained of occurred less than 2 years after the OIG complaint; thus, each supervisor would have been aware of the disclosure within a period of time such that a reasonable person could conclude that the protected activity was a contributing factor in the alleged personnel actions. ID at 3, 10, 17-18; *see Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶ 16 (2012) (noting that the Board has found that a personnel action taken within 1 to 2 years of a disclosure meets the knowledge/timing test).

of the evidence. PFR File, Tab 1. As set forth below, we find that the appellant's arguments are without merit.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The Board lacks the authority to take any action regarding the appellant's claim that the agency purged her informal personnel file.</u>

¶7     On review, the appellant does not challenge the administrative judge's dismissal of certain claims for failure to exhaust administrative remedies or the election of the negotiated grievance procedure, as discussed above. ID at 2-7. She also does not dispute the administrative judge's finding that she did not make a protected disclosure under 5 U.S.C. § 2302(b)(8) or that her 2015 and 2016 mid-year performance reviews, her interactions with supervisors, and an instruction to report to duty 30 minutes later did not constitute a significant change in working conditions. ID at 7-15, 23-29. These well-reasoned findings are supported by the record, and we discern no reason to disturb them. *See Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on the issue of credibility); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

¶8     Although the appellant does not challenge the administrative judge's finding that she did not exhaust administrative remedies as to her claim that the agency purged her informal personnel file in violation of the CBA, she requests that the claim be remanded to OSC for an investigation and that the case be remanded as a whole to OSC because the agency took a "materially adverse action" against her. PFR File, Tab 1 at 9-10, 13; ID at 2 n.2. The Board does not have jurisdiction over a whistleblower reprisal claim involving an action that is not otherwise appealable to the Board for which the appellant has not exhausted administrative remedies before OSC. Thus, we lack the authority to take any

further action regarding the appellant's claim about her informal personnel file.[4] 5 U.S.C. §§ 1214(a)(3), 1221(a); *see Miller v. Federal Deposit Insurance Corporation*, 122 M.S.P.R. 3, ¶¶ 6-10 (2014) (finding that the Board lacked jurisdiction to review claims in an IRA appeal that the appellant did not raise before OSC), *aff'd*, 626 F. App'x 261 (Fed. Cir. 2015). Should the appellant wish to further pursue this claim, she may seek redress from OSC pursuant to the procedures set forth at 5 C.F.R. part 1800.

<u>The administrative judge correctly found that the appellant failed to establish that she was subjected to a significant change in duties, responsibilities, or working conditions.</u>

¶9    The appellant contests the administrative judge's findings that the vetting of monthly meeting topics, the temporary reassignment of her workload in iAppeal, and the 1-hour reduction in weekly adjudication duties were not covered personnel actions. PFR File, Tab 1 at 10-14; ID at 18-30. She contends that the administrative judge should have applied the standard to evaluate whether she suffered an actionable personnel action set forth in *Burlington Northern & Santa Fe Railroad Company v. White*, 548 U.S. 53 (2006), asserting that this standard places a lower burden on her to prove that an actionable personnel action occurred. PFR File, Tab 1 at 4-14. In *White*, the Supreme Court held that, to prevail on a retaliation claim, a privately employed plaintiff need not show an "adverse employment action"; rather, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse," meaning that "[the action] might well have dissuaded a reasonable worker from making or supporting a charge of discrimination." *White*, 548 U.S. at 60, 67-68 (citing *Rochon v. Gonzales*, 438 F.3d 1211, 1219 (D.C. Cir. 2006)). However, *White*

---

[4] The reason that an employee must exhaust her remedies before OSC before appealing to the Board is to give OSC the opportunity to take corrective action before involving the Board in the case. *Ward v. Merit Systems Protection Board*, 981 F.2d 521, 526 (Fed. Cir. 1992). For the exhaustion remedy to serve its intended purpose, the employee must inform OSC of the precise ground of her charge of whistleblowing. *Id.*

addressed the extent to which activity constitutes actionable retaliation under the anti-retaliation provision of Title VII of the Civil Rights Act of 1964 and is thus inapplicable to the appellant's IRA appeal. *See generally id.* at 59-70.

¶10        The appellant's IRA appeal is brought pursuant to the Whistleblower Protection Enhancement Act of 2012 (WPEA), which provides its own statutory definition of an actionable personnel action, codified at 5 U.S.C. § 2302(a)(2)(A). Section 2302(a)(2)(A) defines a "personnel action" as any 1 of 11 enumerated actions and "any other significant change in duties, responsibilities, or working conditions[.]"[5]  The appellant does not appear to dispute that the challenged actions do not fall under an enumerated action and that the administrative judge appropriately considered whether the actions constituted a significant change in duties, responsibilities, or working conditions.  ID at 18-20.  We held in *Skarada v. Department of Veterans Affairs*, 2022 MSPB 17, ¶ 23, that "only agency actions that, individually or collectively, have practical and significant effects on the overall nature and quality of an employee's working conditions, duties, or responsibilities, and are likely to have a chilling effect on whistleblowing or otherwise undermine the merit system will be found to constitute a covered personnel action under section 2302(a)(2)(A)(xii)." Although the administrative judge did not have the benefit of our decision in *Skarada* when she issued the initial decision, she evaluated whether the appellant showed such a significant change in a manner consistent with the standard set forth in *Skarada* and concluded that none of the challenged actions rose to the level of a significant change in duties, responsibilities, or working conditions.  ID at 19-23; *see, e.g.*, *White v. Social Security Administration*, 76 M.S.P.R. 447, 461-62 (1997) (finding that the reassignment of cases within an office was not a

---

[5] During the pendency of this appeal, the National Defense Authorization Act for Fiscal Year 2018 (NDAA), Pub. L. No. 115-91, 131 Stat. 1283, was signed into law on December 12, 2017.  Section 1097 of the NDAA amended various provisions of Title 5 of the United States Code.  Our decision would be the same under both pre- and post-NDAA law.

significant change in duties, responsibilities, or working conditions), *aff'd*, 152 F.3d 948 (Fed. Cir. 1998) (Table).[6]

¶11     We similarly find that the administrative judge properly evaluated whether the challenged actions collectively constituted a hostile work environment but concluded that they did not constitute severe, pervasive, or humiliating conduct sufficient to establish a significant change in working conditions.  ID at 23-30; *see, e.g.*, *Skarada*, 2022 MSPB 17, ¶¶ 26-29 (determining that the appellant's claims that certain agency officials told him to stop attending certain meetings, excluded him from the hiring process for two new hires, avoided him, failed to provide him with adequate guidance, excluded him from meetings, would not support his request for a review of his position, yelled at him, and convened investigations against him were not sufficiently severe or pervasive to significantly impact the appellant's working conditions).  On review, the appellant's arguments to the contrary merely reiterate her arguments below and do not establish a basis for review.  PFR File, Tab 1 at 10-14.

The appellant's additional arguments regarding the administrative judge's findings are unsupported by the record.

¶12     The appellant's argument that the agency did not meet its burden by clear and convincing evidence does not serve as a basis for review.  PFR File, Tab 1 at 14-16, Tab 4 at 7-34.  Because the appellant did not meet her burden to show by preponderant evidence that her statements to the agency's OIG were a contributing factor in the agency's decision to take a personnel action, the burden did not shift to the agency to show by clear and convincing evidence that it would have taken the same personnel action in the absence of the protected activity.  *See*

---

[6] The WPEA, which became effective on December 27, 2012, does not affect the relevant holding in the cited authority, nor does it affect the relevant holdings in the other authorities cited herein that were issued prior to the effective date of the WPEA. *See* Pub. L. No. 112-199, 126 Stat. 1465 (2012).

5 U.S.C. § 1221(e)(1)-(2); *Corthell v. Department of Homeland Security*, 123 M.S.P.R. 417, ¶ 8 (2016).

¶13    The appellant's reply to the agency's opposition to her petition for review contains arguments that appear to be outside the scope of the petition for review. PFR File, Tab 4. Although we need not consider arguments outside the scope of the petition, we have nevertheless reviewed the appellant's additional arguments and find them without merit. *See* 5 C.F.R. § 1201.114(a)(4) (limiting a reply to a response to a petition for review to the factual and legal issues raised by another party in the response to the petition for review). Contrary to the appellant's assertions, there is no evidence that the administrative judge did not consider all of the record evidence as a whole. PFR File, Tab 4 at 6. The administrative judge made detailed credibility and factual findings supported by the record, and we discern no reason to disturb these findings. *See Clay*, 123 M.S.P.R. 245, ¶ 6.

The initial decision is modified to clarify that, to establish that she made a protected disclosure, the appellant need not prove that the matter disclosed actually established one of the types of wrongdoing set forth in 5 U.S.C. § 2302(b)(8)(A).

¶14    In finding that the appellant did not show that her disclosures were protected under 5 U.S.C. § 2302(b)(8), the administrative judge found that "the appellant has not proven by preponderant evidence that there was a violation of a rule." ID at 11. We modify the initial decision to clarify that, to establish that she made a protected disclosure, the appellant need not prove that the matter disclosed actually established one of the types of wrongdoing set forth at 5 U.S.C. § 2302(b)(8)(A); rather, she must show that the matter disclosed was one that a reasonable person in her position would have believed evidenced any of the situations specified in section 2302(b)(8). *Scoggins v. Department of the Army*, 123 M.S.P.R. 592, ¶ 11 (2016). Despite the administrative judge's finding, she went on to analyze the remaining evidence regarding whether the disclosure was protected and ultimately concluded that a reasonable person would not have concluded that the matter disclosed evidenced a violation of a law, rule, or

regulation, gross mismanagement, or an abuse of authority. ID at 11-15. Accordingly, we find that the administrative judge applied the correct standard to find that the appellant's disclosure was not protected, and the administrative judge's initial finding is of no consequence because it did not adversely affect the appellant's substantive rights. *Cf. Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981) (holding that the administrative judge's procedural error is of no legal consequence unless it is shown to have adversely affected a party's substantive rights). Accordingly, we affirm the initial decision as modified herein.

## NOTICE OF APPEAL RIGHTS[7]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[8]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.